IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AKC,[1]

        Plaintiff,

v.                                                      Case No.  23-1045-JWB

KILOLO KIJAKAZI, *Acting Commissioner*
*of Social Security*,
            Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this action for review of the Commissioner of Social Security's final decision denying Plaintiff Disability Insurance Benefits.  The matter is fully briefed and ripe for decision.  (Docs. 8, 14, 15.)  For the reasons stated herein, the decision of the Commissioner is AFFIRMED.

## I.    Standard

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  The Commissioner's decision will be reviewed to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence as a reasonable mind might accept as adequate to support the conclusion.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).  Nor will

---

[1] Plaintiff's initials are utilized for privacy concerns.

the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Glenn*, 21 F.3d at 984.

The Commissioner has established a five-step sequential evaluation process to determine disability. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that she is not working at a "substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). At step two, the agency will find non-disability unless the claimant shows that she has a severe impairment. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. *Id.* at 751. If the claimant's impairment does not meet or equal a listed impairment, the agency determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(a)(4)(iv), 20 C.F.R. § 416.945. The RFC represents the most that the claimant can still do in a work setting despite her impairments. *See Cooksey v. Colvin*, 605 F. App'x 735, 738 (10th Cir. 2015). The RFC assessment is used to evaluate the claim at both step four and step five. § 416.920(e), (f), (g). At step four, the agency must determine whether the claimant can perform previous work. If a claimant shows that she cannot perform the previous work, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs

existing in significant numbers in the national economy.  *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).

The claimant bears the burden of proof through step four of the analysis.  *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  *Id.*; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  *Thompson*, 987 F.2d at 1487 (citations omitted).

## II.     Procedural History and Facts

On October 10, 2019, Plaintiff filed for Disability Insurance Benefits under Title II of the Social Security Act.  (Doc. 8 at 1; Doc. 14 at 1.)  Plaintiff claimed a disability since October 2018.  (Doc. 14 at 1.)  Plaintiff was initially denied Disability Insurance Benefits on February 11, 2020, and was denied the benefits again on February 7, 2022.  (*Id.*)  She filed a request for a hearing, and Administrative Law Judge Christina Young Mein ("ALJ") held the hearing on August 20, 2022.  (*Id.*)  The ALJ issued her decision on August 22, 2022, where she determined Plaintiff was not disabled.  (Doc. 7-3 at 29.)  Then on October 3, 2022, Plaintiff filed a Request for Review of Hearing Decision with the Appeals Council, which denied the request on January 26, 2023.  (Doc. 7-3 at 2.)  Plaintiff exhausted her administrative remedies and filed an appeal with this court.

The ALJ determined that Plaintiff suffers from multiple impairments: degenerative disc disease, peripheral neuropathy, irritable bowel syndrome ("IBS"), collagenous colitis ("colitis"), and depressive disorder.  (Doc. 7-3 at 18.)  She conducted the five-step process to determine if Plaintiff's impairments qualified her for Disability Insurance Benefits.

In the five-step process, the ALJ found at step one that Plaintiff meets the insured status requirements of the Social Security Act; at step two, the ALJ found that Plaintiff had not engaged

in substantial gainful activity since the alleged disability onset; at step three, the ALJ found that Plaintiff did not have a physical impairment (considered singly or in combination) that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; and at step 4, the ALJ considered Plaintiff's RFC and determined that Plaintiff cannot do her past relevant work. (Doc. 7-3 at 18–20.)  However, the ALJ determined at step five, after considering Plaintiff's RFC, that Plaintiff "has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) . . . ."  (Doc. 7-3 at 22.)  As such, the ALJ determined Plaintiff was not disabled, and thus, did not qualify for Disability Insurance Benefits.  (*Id.* at 29.)

Although the ALJ found Plaintiff suffered from multiple impairments, Plaintiff's appeal to this court focuses on the ALJ's evaluation of Plaintiff's gastrointestinal impairments: her IBS and colitis.  (Doc. 14 at 3.)  The ALJ concluded that Plaintiff suffers from IBS and colitis.  (Doc. 7-3 at 18.)  These impairments allegedly cause Plaintiff to suffer bathroom urgency, frequent diarrhea, and abdominal pain.  (Doc. 8 at 5.)  Nevertheless, after considering all symptoms, objective medical evidence, and other evidence, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her IBS and collagenous colitis] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ."  (Doc. 7-3 at 22.)  Thus, the ALJ concluded that Plaintiff "has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b).  (*Id.*)  Plaintiff objects to the ALJ's determination and asserts that it is not supported by substantial evidence.

III.    **Analysis**

Plaintiff argues the ALJ failed to properly evaluate the evidence because she selectively read the record when she determined Plaintiff's "gastrointestinal symptoms were inconsistent with the medical evidence."  (Doc. 8 at 6.)  As a result, Plaintiff alleges the ALJ did not "closely and

affirmatively link her conclusions about [Plaintiff's] subjective reports with substantial evidence in the record." (*Id.* at 11.)  By contrast, the ALJ identified multiple reasons why Plaintiff's gastrointestinal symptoms were not so debilitating such that they inhibited Plaintiff from performing light work.  Plaintiff took issue with three of the ALJ's conclusions.  The court will consider the three conclusions to determine whether the ALJ supported her findings with substantial evidence. *Biestek*, 139 S. Ct. at 1153.

### A. Whether Plaintiff's Symptoms Improved

Plaintiff alleges that her IBS and colitis would flare up one to two days per week.  (Doc. 8 at 7.)  On the days she experienced flare ups, she had diarrhea and needed to be near a bathroom because of her bowel movements.  (*Id.*)  In addition to these acute symptoms, she alleges that she chronically suffers from diarrhea and abdominal pain because of her IBS and colitis. (*Id.*)  Plaintiff alleges she sought medical treatment for these symptoms, and that her providers prescribed medications to control her symptoms.  (*Id.*)  Nevertheless, Plaintiff alleges that despite receiving medication, she continued to experience flare ups and chronic diarrhea and abdominal pain.  (*Id.*) Plaintiff alleges that the record as a whole demonstrates her symptoms did not improve after seeking and receiving medical treatment.  (*See id.*)  Plaintiff takes issue with the ALJ's determination that Plaintiff's symptoms had improved.  (*See id.*)

An ALJ is not required to provide a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  Nor is an ALJ required to discuss every piece of evidence in a decision. *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) (quoting *Frantz v. Astrue*, 509 F.3d 1299, 303 (10th Cir. 2007).  Instead, the ALJ must reference the specific evidence relied upon to evaluate the symptoms. *See Qualls*, 206 F.3d at 1372.  The ALJ's findings cannot be conclusory, *see Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988),

and the findings must be "closely and affirmatively linked to substantial evidence," *id.*  Moreover, an ALJ satisfies the substantial evidence requirement when a reasonable mind might accept the evidence cited as adequate to support the conclusion.  *Biestek*, 139 S. Ct. at 1154.

Here, the ALJ properly weighed the evidentiary record when she reached the conclusion that Plaintiff's symptoms had improved.  Not only did the ALJ review the entire record, (*see* Doc. 7-3 at 22), she linked her conclusions and evaluation about the improvement of Plaintiff's symptoms to Plaintiff's statement to Doctor Propeck during an office visit, (*see* Doc. 7-8 at 230). The ALJ determined Plaintiff's symptoms were improving because Plaintiff reported improvements to Doctor Propeck when she started mesalamine and took Imodium when needed. (*See id.*)  Plaintiff admits that the ALJ was correct when she noted Plaintiff's symptom's improved after taking the medication.  (*See* Doc. 8 at 8.)  However, Plaintiff claims the ALJ failed to acknowledge that the noted improvement was only temporary.  (*See id.*)  But contrary to Plaintiff's claims, the ALJ did not conclude that Plaintiff's symptoms had fully resolved, just that Plaintiff experienced some improvement.  (*See* 7-3 at 23.)  Moreover, the ALJ when conducting her evaluation of Plaintiff's gastrointestinal symptoms cited the treatment notes that Plaintiff claims the ALJ did not consider.  (*See id.* (citing Doc. 7-8 at 219–229).)

The court concludes that the ALJ adhered to her evidentiary responsibility by (1) considering the entire record, and (2) affirmatively linking her conclusions about the improvement of Plaintiff's symptoms to specific evidence in the record.  The evidence the ALJ relied upon was also adequate to satisfy a reasonable mind that Plaintiff experienced improvement in her symptoms.  Therefore, the ALJ's determination that Plaintiff's symptoms improved was supported by substantial evidence in the record.

### B. Whether Plaintiff Experienced Significant Weight Loss

Plaintiff next argues that the ALJ wrongly concluded Plaintiff did not experience significant weight loss. (Doc. 8 at 9.) Plaintiff alleges that her medical records indicate she experienced some weight loss (10 pounds) and a decreased appetite. (*Id.*) Plaintiff also takes issue with the ALJ's use of "significant weight loss" and not defining that phrase. (*Id.*) Plaintiff claims the ALJ mischaracterized the evidence, (Doc. 14 at 10), and failed to reconcile her conclusion that Plaintiff did not lose significant weight with the evidence that Plaintiff did lose 10 pounds, (Doc. 8 at 9).

Once again, an ALJ is not required to discuss every piece of evidence in the record. *See Wall*, 561 F.3d at 1067. However, the ALJ is required to consider relevant evidence and refer to the specific evidence she relied upon to evaluate the symptoms. *See Qualls*, 206 F.3d at 1372. The ALJ must then affirmatively link her conclusion to a specific piece of evidence, *Huston*, 838 F.2d at 1133, and the evidence cited must reasonably support the conclusion, *Biestek*, 139 S. Ct. at 1154.

The court finds that the ALJ properly concluded Plaintiff did not experience significant weight loss. Plaintiff claims she was having "10 to 15 episodes of diarrhea per day and had a loss of appetite." (Doc. 10 at 14.) Plaintiff relies upon two medical visits where she reported weight loss of ten pounds. (Doc. 8 at 9.) By contrast, the ALJ relied upon multiple medical appointments from October 2020 through March 2022 that indicated Plaintiff's weight fluctuated between 217–229 pounds. (*See* Doc. 7-3 at 23 (citing Doc. 7-8 at 234–35; 227–28; 224–25; 376–77; 219–220); *see* Doc. 14 at 10.) Acknowledging that Plaintiff's weight did fluctuate, the ALJ still concluded that Plaintiff's actual weight fluctuation was not in accord with her claim that she suffered 10–15 bowel movements per day and lost her appetite. (*See* Doc. 7-3 at 23.) Moreover, even though the ALJ did not define "significant weight loss," a reasonable interpretation of the evidence indicates

Plaintiff did not experience the weight loss that would be expected with no appetite coupled with 10–15 bowel movements per day.

Here, the ALJ relied upon the overall medical evidence and substantially connected her conclusion that Plaintiff did not experience significant weight loss to notes from Plaintiff's medical appointments.  The ALJ analyzed relevant evidence (i.e., Plaintiff's recorded weights during medical evaluations), and concluded that Plaintiff did not experience significant weight loss. Therefore, the ALJ's determination that Plaintiff did not experience significant weight loss was supported by substantial evidence in the record.

### C. Whether ALJ Properly Concluded Plaintiff Denied Experiencing Symptoms

Lastly, Plaintiff alleges that the ALJ's conclusion that Plaintiff repeatedly denied having diarrhea and constipation is inconsistent with the record.  (Doc. 8 at 9.)  Plaintiff raises three arguments as to why the ALJ's conclusion is inconsistent with the record: (1) Plaintiff argues that the ALJ selectively chose medical evidence that supported her desired conclusion, (2) Plaintiff argues that the ALJ relied upon medical visits about non-gastrointestinal conditions to support her conclusion, and (3) Plaintiff argues the ALJ cited treatment notes that contained discussions where Plaintiff denied having gastrointestinal symptoms but also discussed her irritable bowel syndrome and colitis symptoms.  (*See id.* at 9–10.)

ALJs are the triers of fact, and they have the responsibility to weigh conflicting medical evidence and resolve it.  *See Richardson v. Perales*, 402 U.S. 389, 399 (1971).  It is the ALJ who is entitled to resolve conflicts, *see Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)), and this court is not to displace the ALJ's judgment when there are two fair yet conflicting interpretations. *See Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004).

Here, once again, the court disagrees with Plaintiff and concludes Plaintiff's three proffered arguments are just disagreements with how the ALJ interpreted the evidence. The ALJ explicitly stated she reviewed Plaintiff's medical "examination of findings, and progress notes of record." (Doc. 7-3 at 23.) Included in Plaintiff's medical record are gastrointestinal and non-gastrointestinal medical appointments. (*See e.g.*, Doc. 7-8 at 153–54, 322–23, 484–85.) The Commissioner even acknowledged that some of the medical visits which the ALJ cited were not for gastrointestinal symptoms. (*See* Doc. 14 at 11.) Nevertheless, the ALJ reviewed the entire record, and accurately concluded that Plaintiff denied experiencing gastrointestinal symptoms at some medical appointments. (*See* Doc. 7-3 at 23 (citing Doc. 7-8 at 125, 128, 131, 135, 155, 163, 186, 196, 323, 357, 361, 366, 372, 387).) Moreover, Plaintiff even acknowledges that her medical record contains conflicting evidence. (Doc. 8 at 10.) In her brief, Plaintiff explained that in multiple appointment notes, medical providers recorded in the symptoms section that Plaintiff denied she was nauseous, vomited, or had diarrhea, but they also recorded in the narrative section for those same appointments their discussions with Plaintiff's about her IBS and colitis symptoms. (*Id.*) Plaintiff also admits that her gastrointestinal symptoms were not constantly debilitating; rather, they were debilitating when she endured flare ups. (*See id.* at 11.)

Hence, the ALJ confronted conflicting evidence about Plaintiff's gastrointestinal symptoms. On the one hand, Plaintiff alleged they were so debilitating that she could not perform light work. But on the other hand, Plaintiff denied experiencing gastrointestinal symptoms to medical providers and admitted she does not constantly endure them. The ALJ, as trier of fact, had to weigh this conflicting evidence. She also had to consider that Plaintiff claims her gastrointestinal symptoms are so severe that they inhibit her from doing light work, yet Plaintiff can visit the doctor about other ailments and not feel the need to tell them she continuously endures

gastrointestinal problems.  Although Plaintiff disagrees with the ALJ's conclusion, the ALJ properly concluded that the evidence was not fully consistent with Plaintiff's allegation that her IBS and colitis inhibited her from doing light work.

The ALJ affirmatively linked her conclusion to substantial evidence in the record by referring to Plaintiff's medical appointment notes and the recorded symptoms therein.  As trier of fact, she reviewed the record and noted/resolved the inconsistencies in Plaintiff's allegations. Indeed, Plaintiff even admits there were inconsistencies.  Thus, the ALJ properly weighed the conflicting evidence and affirmatively linked her conclusions to substantial evidence in the record. This court will not displace her determinations.

## IV.    Conclusion

The final decision of the Commissioner denying Plaintiff's Disability Insurance Benefits is AFFIRMED.  The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.  Dated this 13th day of November, 2023.

        s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE